UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                  Plaintiff,

        v.

JIMMIE TOBIE,

                  Defendant.
_____

REPORT & RECOMMENDATION

08-CR-6141L

**PRELIMINARY STATEMENT**

        By Order of Hon. David G. Larimer, United States District Judge, dated June 30, 2008, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 2).

        Defendant Jimmie Tobie is charged in a two-count indictment.  The first count charges that on June 12, 2008, Tobie unlawfully possessed a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The second count is a forfeiture allegation.  (Docket # 1).

        Currently before this Court for Report and Recommendation is Tobie's motion to suppress tangible evidence.  (Docket # 12).  The government opposes Tobie's motion.  (Docket # 13).

**DISCUSSION**

        The Fourth Amendment to the Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the

place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* Fed. R. Crim. P. 41.

In *Illinois v. Gates*, 462 U.S. 213 (1983), the Supreme Court affirmed the "totality of the circumstances" test to determine whether a search warrant satisfies the Fourth Amendment's probable cause requirement. The issuing judicial officer must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. This Court, as a reviewing court, must determine merely whether the issuing judge had a "'substantial basis for ... conclud[ing]' that probable cause existed." *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. at 238-39) (internal quotation omitted).

In determining whether probable cause exists to issue a warrant, a judge must decide whether the information contained in the application appears to be current or whether it has been rendered stale as a result of the passage of time. *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

> [T]he principal factors in assessing whether or not the supporting facts have become stale are the age of those facts and the nature of the conduct alleged to have violated the law. Where the supporting affidavits present a picture of continuing conduct or ongoing activity, as contrasted with isolated instances of illegal acts, the passage of time between the last described act and the presentation of the application becomes less significant.

*United States v. Martino*, 664 F.2d 860, 867 (2d Cir. 1981), *cert. denied*, 458 U.S. 1110 (1982).

Tobie argues that the search warrant executed on June 12, 2008 at his residence, 191 Lewis Street, Rochester, New York, lacked probable cause because the information contained in the supporting affidavit was stale. Specifically, he references the allegation in the affidavit that a "Field Information Report" dated February 12, 2008 identified Tobie as an individual who was selling narcotics and concealing weapons at 191 Lewis Street.

In addition to the challenged assertion, however, the affidavit also included factual allegations relating to events that occurred the very day the warrant was issued. According to the affidavit, on June 12, 2008, before the warrant was issued and executed, members of the New York State Parole Division conducted a home visit at 191 Lewis Street, during which they encountered Tobie and others and discovered a shotgun, ammunition and cocaine inside the residence. Reference to these allegations is entirely absent from defendant's brief – whether by intention or oversight. Taking these factual allegations into consideration, the affidavit was not impermissibly stale or lacking in probable cause at the time the warrant issued.

## CONCLUSION

For the foregoing reasons, it is my recommendation that Tobie's motion to suppress tangible evidence **(Docket # 12)** be **DENIED**.

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
        December   9  , 2008

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        December   9  , 2008

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).